## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROBERT L. ORD**
**5603 Shoal Creek Drive**
**Hay Market VA 20169**
**(703) 753-1158**

**v.**

**DISTRICT OF COLUMBIA**
**Serve:   Mayor Adrian M. Fenty**
**          John A. Wilson Building**
**          1350 Pennsylvania Avenue NW**
**          Washington DC 20004**
**and**

**Office of the Attorney General**
**Claims Unit, 6th Floor South**
**441 4th Street NW**
**Washington DC 20001**

                                    **Defendant**

**Case Number:**

## COMPLAINT

This is a complaint seeking monetary damages for deprivation of civil rights, in addition to declaratory and injunctive relief from unlawful prosecution, against the District of Columbia.

### PARTIES

1.      The Plaintiff is natural person and resident of the Commonwealth of Virginia.

2.      The Defendant is a municipal government capable of being sued.

**JURISDICTION AND VENUE**

3.      Each of the events complained of herein occurred within the District of Columbia.

4.      The Plaintiff offers herein a civil action which includes causes of action arising under 42 U.S.C. §1983 for being subjected to a deprivation of his rights, privileges, and/or immunities secured by the Constitution and applicable law, by persons acting under color of the authority of the government of the District of Columbia.

5.      Under 28 U.S.C. §1331, the United States District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, including 42 U.S.C. §1983.

6.      The Plaintiff offers additional causes of action involving common law claims, including malicious prosecution and intentional infliction of emotional distress.

7.      Under 28 U.S.C. § 1367, the United States District Court shall have shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      The Plaintiff's common law claims are so related to the Federal law claims that they form part of the same case or controversy.

9.      The Plaintiff asks this Court to declare his rights and other legal relations.

10.      Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, the United States District Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

11.     In accordance with D.C. Code § 12-309, by service of this Complaint, the Plaintiff's attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injuries sustained by the Plaintiff within six months after such injuries were sustained.  However, the Plaintiff makes no waiver of defenses against these notice requirements for any claim brought forth in a Federal venue and for any claim arising under Federal law.  The Plaintiff further asserts the Defendant's good and sufficient actual and/or constructive prior notice of all claims.

**RELEVANT FACTS**

12.     On June 8, 2007, the Plaintiff was appointed by the Virginia Circuit Court of Orange County as a Special Conservator of the Peace for the Commonwealth of Virginia.  Pl.'s Ex. A.

13.     The Plaintiff's order of appointment stated *inter alia*, that the Plaintiff "[s]hall have and be entitled to all the powers, functions, duties, responsibilities and authority of any other Conservator of the Peace… within the County of Orange, Virginia".  Id. at 2.

14.     The Plaintiff's order of appointment authorized the Plaintiff to carry firearms while acting in the course of his duties.  Id. at 4.

15.     The Plaintiff's order of appointment further stated that the Plaintiff "is designated as a 'Qualified Law Enforcement Officer'" for certain provisions of Virginia and Federal law, including the Law Enforcement Officer's Safety Act of 2004, 18 U.S.C. 926B.  Id. at 3.

16.     This order and each of its operative provisions was in effect for all times relevant to this Complaint.

17.     By virtue of this appointment, the Plaintiff was for all times relevant to this Complaint, and is presently, a law enforcement agent of the Commonwealth of Virginia.

18.     On February 2, 2008, the Defendant's Metropolitan Police Department (MPD) announced its intention to prosecute Virginia Special Conservators of the Peace for any possession of weapons within the District of Columbia.  Pl.'s Ex. B.

19.     On April 17, 2008, the Defendant's employee and agent, MPD Detective Kimberly Marshall made an application for an arrest warrant against the Plaintiff, alleging that the Plaintiff had violated D.C. Code § 7-2507.01 (a), *to wit*, that the Plaintiff had possessed unregistered firearms and ammunition on or about April 4, 2008.  D.C. SUP. CT. CRIMINAL, 2008 CRW 1441, Pl.'s Ex. C.

20.     Within Detective Marshall's affidavit in support, no mention was made of the Plaintiff's status as a Special Conservator of the Peace for the Commonwealth of Virginia.  <u>Id</u>.

21.     Such status was a matter of public record.  *See* Pl.'s Ex. A.

22.     Such status was contained within the Plaintiff's records contained within the National Crime Information Center (NCIC) database and was readily available to the Defendant and its agents.  *See* Pl.'s Ex. A at 3 (Circuit Court's order to the Department of State Police to enter the Plaintiff's information into the Virginia Criminal Information Network (VCIN)).

23.     Such status was announced to the Defendant's agents by the Plaintiff and was known to Detective Marshall and her supervisors within MPD prior to the application.

24.     On April 22, 2008, the Plaintiff's counsel provided evidence to the Criminal Section Chief of the District of Columbia Office of the Attorney General (OAG) of the Plaintiff's status as a law enforcement agent of the Commonwealth of Virginia.

25.     The Plaintiff's Counsel demanded the *nolle prosequi* of the criminal Information in support of the warrant.

26.     Shortly thereafter, the OAG announced to the Plaintiff's counsel that it "will not go forward with this warrant".

27.     Several hours later, the Plaintiff's counsel learned that the OAG had changed its position and had not withdrawn the warrant.  Pl.'s Ex. D.

28.     The Plaintiff's counsel immediately moved the Superior Court to dismiss the Information and quash the warrant.   D.C. SUP. CT. CRIMINAL, 2008 CNC 236.

29.     Shortly before a Judge-in-Chambers hearing on April 24, 2008, the OAG declared a *nolle prosequi* of the Information in support of the warrant.  Pl.'s Ex. C.


**COUNT I**

**Deprivation of a Liberty Interest**

30.     The allegations set forth in Paragraphs 1 through 29 above are referenced and incorporated as if fully repeated herein.

31.    The Fourth Amendment to the United States Constitution states that "no Warrants shall issue, but upon probable cause…"

32.    The Defendant's agent, acting in the course of her official duties, made a false oath to the Superior Court that probable cause existed that the Plaintiff violated D.C. Code § 7-2507.01 (a).

33.    The Defendant's agent knew at the time of the application that the Plaintiff belonged to a class of persons expressly exempt from D.C. Code § 7-2507.01 (a) and that no probable cause existed that the Plaintiff had committed an offense.  D.C. CODE § 7-2507.01 (b) ("[s]ubsection (a) of this section shall not apply to… any law enforcement officer or agent of the government of any state or subdivision thereof…")

34.    The initiation of a criminal prosecution upon false statements of the Defendant's agent and without probable cause deprived the Plaintiff of his rights, privileges, and immunities secured by the Constitution and applicable law.

35.    Such deprivation was the official policy of the Defendant.   Pl.'s Ex. B.

36.    As a direct result of the false oath and application, the Plaintiff incurred substantial attorney's fees to defend against the false charges.

37.    As a direct result of the pendency of the arrest warrant, the Plaintiff's personal life and business affairs were substantially disrupted for several days.


## COUNT II

### Malicious Prosecution

38.    The allegations set forth in Paragraphs 1 through 37 above are referenced and incorporated as if fully repeated herein.

39.     The Defendant's agent initiated a criminal prosecution against the Plaintiff without probable cause.

40.     Such prosecution was terminated in the Plaintiff's favor.

41.     The Defendant's agent acted with malice against the Plaintiff.

42.     The Defendant's agent initiated the prosecution with willful, wanton, reckless, and oppressive disregard for the rights of the Plaintiff.

43.     The Plaintiff occasioned special injuries as a direct result of the unlawful prosecution.


## COUNT III

### Intentional Infliction of Emotional Distress.

44.     The allegations set forth in Paragraphs 1 through 43 above are referenced and incorporated as if fully repeated herein.

45.     The conduct of the Defendant through its agents was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

46.     Such conduct reasonably caused the Plaintiff severe emotional distress.


### Request for Declaratory and Injunctive Relief

47.     The allegations set forth in Paragraphs 1 through 46 above are referenced and incorporated as if fully repeated herein

48.     The Plaintiff is entitled to declaratory relief under 28 U.S.C. § 2201(a), wherein the Plaintiff asks this Court to declare the Plaintiff to be a "law enforcement

officer or agent of the government of any state or subdivision thereof" for the purposes of District of Columbia law.

49. The Plaintiff is entitled to further declaratory relief under 28 U.S.C. § 2201(a), wherein the Plaintiff asks this Court to declare the Plaintiff exempt from D.C. Code § 7-2507.01 (a) and other such District of Columbia firearms regulations wherein law enforcement officers or agents are exempt therefrom.

50. The Plaintiff asks this Court to enjoin the Defendant from enforcing or prosecuting such laws against him.


**WHEREFORE**, the Plaintiffs request the Court to find the Defendant's actions to be unlawful and injurious to the Plaintiff. The Plaintiff demands monetary damages in an amount to be determined according to proof at trial, plus costs, interest and attorney's fees. The Plaintiff further asks the Court to award such punitive damages as the Court finds necessary to appropriately punish the Defendant and deter similar misconduct in the future. The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted, this 24th day of April, 2008.


_____

Matthew August LeFande
DC Bar #475995
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiff

**To:**    **All Metropolitan Police Department Reserve Corps Members**
**Re:**    **Special Conservators of the Peace/18 U.S.C § 926B (The Law Enforcement Officers Safety Act of 2004)**

It has recently come to my attention that a number of Metropolitan Police Department Reserve Corps members also serve as Special Conservators of the Peace (SCOP) in the Commonwealth of Virginia. Under Virginia law, a SCOP may be authorized to carry a firearm while performing SCOP duties. While I respect the public safety function that SCOPs perform in Virginia, it is imperative to clarify the Department's position with regard to commissioned SCOPs who also serve as members of MPD Reserve Corps, particularly as it pertains to carrying a firearm.

Following consultation with the United States Attorney's Office, the Department has reached the following conclusion: **Unless a SCOP is a qualified law enforcement officer under the Law Enforcement Officers Safety Act of 2004 (18 U.S.C. § 926B), the SCOP has <u>no authority to carry a firearm in the District of Columbia</u>. "Qualified law enforcement officer" under 18 U.S.C. § 926B includes only those law enforcement officers who are employees of government agencies. If a SCOP does not meet this definition, then the SCOP is not covered by 18 U.S.C. § 926B, and thus cannot carry a firearm in the District of Columbia, <u>regardless of what is represented by the Circuit Court's Order of Appointment.</u>**

**A SCOP who is not covered by 18 U.S.C. § 926B and carries a firearm in the District of Columbia will be subject to all relevant criminal penalties.**

**Regardless of whether a SCOP is eligible to carry a firearm under 18 U.S.C. § 926B, MPD Reserve Corps members are subject to the Department's rules and regulations while volunteering for the Department and shall only be armed in a manner consistent with Department policy.**

Should you have any questions regarding firearms policies for Reserve Corps members, please do not hesitate to contact Commander Brown or me. Questions regarding coverage by 18 U.S.C. § 926B should be directed to an attorney.

Victor Brito
Inspector / Director
Metropolitan Police Department

## Matthew August LeFande

**From:**     Justice, Rena (OAG) [rena.justice@dc.gov]
**Sent:**      Tuesday, April 22, 2008 1:56 PM
**To:**         matt@lefande.com
**Subject:** Ord warrant still in place - disregard first message

Mr. Lefande:  I am emailing you because your phone number does not go to a voice mail now, or immediately
hangs up.  I wanted to let you know to disregard my first message from this morning regarding your client Robert
Ord.  I was first told to leave you this morning's message.  Before I went to nolle the arrest warrant, my bosses
decided to review the file again and so no decision has been made.  The arrest warrant is still in place as of 2pm
on April 22, 2008.  If you have further questions or to find out the status of the final decision, you can call 202 727
3500 and ask to speak with the Criminal Section chief Michael Bruckheim, or with the head of Public Safety,
Robert Hildum.  You should contact them directly, as I no longer have the jacket.


Thank you,
Rena Justice, AAG
Criminal Section

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1 U.S. Government
   Plaintiff

2 U.S. Government
   Defendant

3 Federal Question
   (U.S. Government Not a Party)

4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| A. *Antitrust* | B. *Personal Injury/ Malpractice* | C. *Administrative Agency Review* | D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | **151 Medicare Act**<br><br>**Social Security:**<br>861 HIA ((1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g)<br>864 SSID Title XVI<br>865 RSI (405(g)<br>**Other Statutes**<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| E. *General Civil (Other)* | OR | F. *Pro Se General Civil* |
|---|---|---|

| | | | |
|---|---|---|---|
| **Real Property**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent, Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property<br><br>**Personal Property**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | **Bankruptcy**<br>422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br><br>**Property Rights**<br>820 Copyrights<br>830 Patent<br>840 Trademark<br><br>**Federal Tax Suits**<br>870 Taxes (US plaintiff or defendant<br>871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>610 Agriculture<br>620 Other Food &Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 RR & Truck<br>650 Airline Regs<br>660 Occupational Safety/Health<br>690 Other<br><br>**Other Statutes**<br>400 State Reapportionment<br>430 Banks & Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation | 470 Racketeer Influenced & Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Securities/Commodities/ Exchange<br>875 Customer Challenge 12 USC 3410<br>900 Appeal of fee determination under equal access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

## VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint

**JURY DEMAND:**    YES    NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES    NO    If yes, please complete related case form.

DATE    SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.,  and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:   The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**VIRIGINIA:**

## IN THE CIRCUIT COURT OF ORANGE COUNTY

| | |
|---|---|
| **IN RE:** } <br> APPOINTMENT OF **ROBERT L. ORD** AS } <br> SPECIAL CONSERVATOR OF THE PEACE } <br> } | At Law No. *CL07000094* |

## ORDER OF APPOINTMENT OF SPECIAL CONSERVATOR OF THE PEACE

**WHEREAS,** this matter comes before the COURT upon the Application of Brian L. Smith, the

President and Compliance Agent for Paradigm Investigations, Inc. ("Applicant"), with a mailing

address of Post Office Box 917 in the Town of Locust Grove, Virginia 22508 pursuant to

Virginia Code 19.2-13(A), for the Appointment of Robert L. Ord ("Appointee") as a Special

Conservator of the Peace; and

**WHEREAS,** the Court finds, pursuant to Va. Code 19.2-13(E) that the following information
about the Appointee is true and correct:

**Complete Legal name:** Robert L. Ord
**Current Residence Address:** SEE ADDENDUM – RESTRICTED DISSEMINATION
**Date of Birth:** SEE ADDENDUM – RESTRICTED DISSEMINATION
**Social Security Number:** SEE ADDENDUM – RESTRICTED DISSEMINATION
**Gender:** Male
**Race:** Caucasian
**Eye Color:** Brown
**Hair Color:** Brown
**Height:** 5 feet, 9 inches
**Weight:** 165 lbs.

**WHEREAS,** THE Court further finds that the Applicant has made the requisite showing of

necessity for the Appointment by documenting that he operates a duly Licensed Private Security

Services Business in this Jurisdiction; That the Appointee has complied with all required

provisions of Virginia Code 19.2-13 by completing mandatory training at a Certified Training

Academy (VA Code 19.2-13(B)(i)); Submitted Fingerprint Cards to the Department of Criminal

Justice Services (DCJS) in accordance with 19.2-13(B)(ii) to be checked through State and

Federal Records; Submitted to drug and alcohol screening; Provided the Court and DCJS Proof

of Financial Responsibility in accordance with 19.2-13(C)(i) in the amount of not less than
$10,000; has successfully completed State Approved and Mandated Firearms Training and
Certification relating to 19.2-13(F); and that following an Background Investigation by the
Applicant, DCJS, and the Virginia State Police, that the Appointee appears to be of Good Moral
and Ethical Character, and Well Qualified to serve as a Special Conservator of the Peace; it is
hereby

**ORDERED**, Pursuant to the Code of the Commonwealth of Virginia 19.2-13, that, for a period
of four (4) years from the date of this order, the Appointee shall be, and hereby is, appointed a
Special Conservator of the Peace and Shall have and be entitled to all the powers, functions,
duties, responsibilities and authority of any other Conservator of the Peace, for the Applicant
within the County of Orange, Virginia, subject to the following provisions of this order, and it is
further

**ORDERED** that, upon the termination of the Appointee's employment with the Applicant, the
Appointee's appointment as Special Conservator of the Peace shall, as of the Date of termination
of employment, shall be terminated without any further action by this Court, and shall be of no
further force or effect; and it is further

**ORDERED**, that as the employer, Paradigm Investigations, Inc. Shall recover any and all copies
of this order and surrender to, and make notification to this Court. Further, notifications are to be
made to the Sheriff, DCJS, and the Virginia State Police. Should the appointee refuse to
surrender the orders and any badge, the Sheriff is to be notified within Ten (10) days, and the
Sheriff shall demand the instruments of the appointee; and it is further

**ORDERED**, that in the event that the Appointee is no longer covered by a surety bond or
liability insurance policy coverage in the minimum amount required by law, the Appointee's
appointment as a Conservator of the Peace shall be terminated without any further action by this

Court and shall be of no further force or effect, unless said bond is renewed within Ten (10) business days. At which time the order remains in effect; and it is further

**ORDERED**, That the powers of the Special Conservator of the Peace appointed herein shall be exercised only when the Appointee either (i) carries on his person a valid identification card, which shall state the inclusive dates of the Appointee's appointment as a Special Conservator of the Peace; (ii) wears or carries a badge which identifies him as a Special Conservator of the Peace, the title "Police" shall be authorized; and it is further

**ORDERED**, that the Appointee shall provide the Sheriff of Orange County. Virginia or his designee, with a photocopy of said card within 10 days of receipt of the card; and it is further

**ORDERED**, that pursuant to Article 4 (37.2-808 et seq.) of Chapter 8 of Title 37.2; and pursuant to Virginia Code 19.2-13; and pursuant to Title 18 USC 926B(c)(1), that the Appointee is designated as a "Qualified Law Enforcement Officer"; and is empowered with the authority to affect arrests, using up to the same amount of force as would be allowed to a law-enforcement officer employed by the Commonwealth or any of its political subdivisions when making a lawful arrest; The Department of State Police shall enter the person's name and other information into the Virginia Criminal Information Network established and maintained by the Department pursuant to Chapter 2 (§ 52-12 et seq.) of Title 52. The Department of State Police may charge a fee not to exceed $10 to cover its costs associated with processing these orders; and it is further

**ORDERED**, that the powers of Special Conservator of the Peace Appointed herein shall be exercised within the territorial limits of the County of Orange, Virginia; and it is further

**ORDERED**, pursuant to Virginia Code 46.2-1023, that the Appointee is authorized to operate vehicles equipped with a siren and flashing/rotating/strobing/oscillating Red or Red/White combination warning lights of a type approved by the Superintendent of State Police of the Commonwealth of Virginia. The use of Blue lights is expressly forbidden; and it is further

**ORDERED**, the Appointee Shall be considered to meet the requirements of a "Qualified Law Enforcement Officer" under 18 U.S.C. 926B(c)(1); and it is further

**ORDERED,** that the Appointee is authorized to carry firearms while acting within the course and scope of his employment and appointment as a Special Conservator of the Peace, so long as firearms certification is maintained; and it is further

**ORDERED,** that the appointee's Address, Date of Birth, and Social Security Number shall be kept from public view, and it is further

**ORDERED,** that the Appointee shall annually file with the Clerk of this Court, evidence of the Surety Bond or Liability Insurance coverage in the amount of TEN THOUSAND DOLLARS ($10,000) or more, as described in section 9 of the application submitted by the Appointee, which bond or insurance shall be conditioned upon the faithful performance by the Appointee of the duties and responsibilities of Special Conservator of the Peace for the entire period of the Appointee's appointment pursuant to this Order. This order shall be renewable within one hundred and twenty days prior to it's expiration date.

ENTERED THIS __8th__ DAY OF __June__ , 200__7__.

**JUDGE,**
**CIRCUIT COURT OF ORANGE**
**COMMONWEALTH OF VIRGINIA**

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

*08 CRW 1441*

### THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA
### INFORMS THE COURT THAT WITHIN THE DISTRICT OF COLUMBIA:

NAME  Ord, Robert                PDID# _____        DOB  ████ 1968  SEX  Male

ADDRESS  153 63 Norman Rd. Culpeper Va. 22701

PERMIT # _____        ARREST # _____   ☐ DCTN #  DCP 225932   TAG # _____

on or about  April 4, 2008

at  444 16th St., N.E.  Washington, D.C.

POSSESSION OF UNREGISTERED FIREARM: did possess or control a firearm without holding a valid registration certificate for the firearm, in violation of D.C. Code § 7-2502.01 (a) (2001), for which a penalty is provided in D.C. Code § 7-2507.06 (2001).

UNLAWFUL POSSESSION OF AMMUNITION: did possess ammunition without being the holder of a valid registration certificate for a firearm of the same gauge or caliber, in violation of D.C. Code § 7-2506.01 (2001), for which a penalty is provided in D.C. Code § 7-2507.06 (2001).

POSSESSION OF UNREGISTERED FIREARM: did possess or control a firearm without holding a valid registration certificate for the firearm, in violation of D.C. Code § 7-2502.01 (a) (2001), for which a penalty is provided in D.C. Code § 7-2507.06 (2001).

UNLAWFUL POSSESSION OF AMMUNITION: did possess ammunition without being the holder of a valid registration certificate for a firearm of the same gauge or caliber, in violation of D.C. Code § 7-2506.01 (2001), for which a penalty is provided in D.C. Code § 7-2507.06 (2001).

DATE  April 17, 2008                          _____
                                              Assistant Attorney General
                                              District of Columbia

COURT DATE  _____

REPORTED BY  Kimberly Marshall        DIST.#  MPD          BADGE/DT. DII-190

COL.  Arrest Warrant                  LOCKUP # _____    WARRANT

☐ CDL              ☐ HAZMAT              ☐ CMV            By _____

A TRUE COPY
Clerk Superior Court of the District of Columbia
Deputy Clerk

N0761133

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

08 CRW 1441

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

USW NO.:

| DEFENDANT'S NAME: | NICKNAME: | ALIASES: | CCN: | PDID: |
|---|---|---|---|---|
| Ord, Robert | | | 045-750 | |

| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | HAIR: | COMPL: | SCARS, MARKS, TATOOS |
|---|---|---|---|---|---|---|---|---|
| Male | White | 68 | 5'7 | 145 | Brown | Black | Light | |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| 15363 Norman Road Culpeper | 540-547-4256 |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| PO Box Culpeper, Virginia 22701 | 540-547-9129 |

| COMPLAINANT'S NAME: | TELEPHONE NUMBER: |
|---|---|
| Metropolitan Police Department | 202-671-0500 |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: | TIME OF OFFENSE: |
|---|---|---|
| 444 16th Street, Northeast, Washington D.C. | 4-7-08 | 1045 hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)**
Select a valid CMC code below for wanted person when using the caution indicator.

___ 00 = Armed and Dangerous
___ 05 = Violent Tendencies
___ 10 = Martial Arts Expert
___ 15 = Explosive Expertise
___ 20 = Known to abuse drugs
___ 25 = Escape Risk
___ 30 = Sexually Violent Predator
___ 50 = Heart Condition

___ 55 = Alcoholic
___ 60 = Allergies
___ 65 = Epilepsy
___ 70 = Suicidal
___ 80 = Medication Required
___ 85 = Hemophiliac
___ 90 = Diabetic
___ 01 = Other

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

On Friday April 4, 2008, the defendant Robert Ord, the owner of Falken Industries faxed a letter to The Security Officers Management Branch (SOMB) requesting a uniform waiver for a security detail at CDI Head Start School located at 444 16th Street, Northeast, Washington D.C. The defendant, requested that his security personnel be authorized to work security in plain clothes and use semi automatic pistols. The defendant included a weapons list, which indicated his agency has (10) ten Glock .40 machine pistol, (1) one Sig 9MM machine pistol, (1) one S & W 9 MM machine pistol, (1) one Kimber .45 machine pistol, (1) one Walter .40 machine pistol and (7) seven .38 revolvers. The machine pistols listed in the letter are illegal in the District of Columbia and this request by the defendant was denied. This letter also stated that the above firearms were registered with SOMB. All of these weapons were run through the WALES/NCIC and none of the above firearms are registered in the District of Columbia.

AFFIANT'S SIGNATURE:

x _____

**TO: WARRANT CLERK**

PLEASE ISSUE A WARRANT FOR:

Robert Ord

Charge With: Unreg Firearm ×2 and Unreg.
Emmo

ASSISTANT UNITED STATES ATTORNEY
General
Ammo ×2

SUBSCRIBED AND SWORN BEFORE ME THIS 17
DAY OF April 20 08

(JUDGE) DEPUTY CLERK) SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

Form CD(17)-1050                    Revision Date: 11-29-06

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

*08 CRW 1441*

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

USW NO.:

| DEFENDANT'S NAME: | | | | NICKNAME: | | ALIASES: | | CCN: | PDID: |
|---|---|---|---|---|---|---|---|---|---|
| Ord, Robert | | | | | | | | 045-750 | |

| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | HAIR: | COMPL: | SCARS, MARKS, TATOOS | |
|---|---|---|---|---|---|---|---|---|---|
| Male | White | 68 | 5'7 | 145 | Brown | Black | Light | | |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| 15363 Norman Road Culpeper | 540-547-4256 |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| PO Box Culpeper, Virginia 22701 | 540-547-9129 |

| COMPLAINANT'S NAME: | TELEPHONE NUMBER: |
|---|---|
| Metropolitan Police Department | 202-671-0500 |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: | TIME OF OFFENSE: |
|---|---|---|
| 444 16th Street, Northeast, Washington D.C. | 4-7-08 | 1045 hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)**
Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| __ 00 = Armed and Dangerous | | __ 55 = Alcoholic | |
| __ 05 = Violent Tendencies | | __ 60 = Allergies | |
| __ 10 = Martial Arts Expert | | __ 65 = Epilepsy | |
| __ 15 = Explosive Expertise | | __ 70 = Suicidal | |
| __ 20 = Known to abuse drugs | | __ 80 = Medication Required | |
| __ 25 = Escape Risk | | __ 85 = Hemophiliac | |
| __ 30 = Sexually Violent Predator | | __ 90 = Diabetic | |
| __ 50 = Heart Condition | | __ 01 = Other | |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

On Monday, April 7, 2008, members of SOMB Enforcement Unit conducted a routine site inspection of the CID Head Start School located at 444 16th Street Northeast, Washington D.C. The Enforcement Unit approached the front entrance of the school and met two Security Officers standing in the front of the location. This writer observed that one of the security officers was armed with a handgun. The security officers were identified as Gregory Harris and Gavin Wagemen. Mr. Harris was in possession of a .38 revolver with the serial number AN464464 and Mr. Wagemen was in possession of a Kimber .45 machine pistol with a serial number of KCO4308. Mr. Harris and Mr. Wageman were both placed under arrest and charged with Carrying a Pistol without a License. Both of the recovered weapons were listed on the letter sent to SOMB from Falken Industries. This letter was signed by the owner of Falken Industries Robert Ord, President. Mr. Harris' weapon was loaded with .38 caliber ammunition and Mr. Wageman's weapon was loaded with .45 caliber ammunition.

AFFIANT'S SIGNATURE:

x _____

**TO: WARRANT CLERK**

PLEASE ISSUE A WARRANT FOR:

Robert Ord

Charge With: Unreg Firearm x2 and Unreg Ammo x2

_____
ASSISTANT UNITED STATES ATTORNEY GENERAL

SUBSCRIBED AND SWORN BEFORE ME THIS _____

17 DAY OF April 20 08

_____
(JUDGE) DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Form CD(17)-1050          Revision Date: 11-29-06

## Superior Court of the District of Columbia
### CRIMINAL DIVISION

D8CRW1441

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

USW NO.:

| DEFENDANT'S NAME: | | | | NICKNAME: | | ALIASES: | | CCN: | PDID: |
|---|---|---|---|---|---|---|---|---|---|
| Ord, Robert | | | | | | | | 045-750 | |

| SEX: | RACE: | DOB: | | HGT: | WGT: | EYES: | HAIR: | COMPL: | SCARS, MARKS, TATOOS |
|---|---|---|---|---|---|---|---|---|---|
| Male | White | 68 | | 5'7 | 145 | Brown | Black | Light | |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| 15363 Norman Road Culpeper | 540-547-4256 |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| PO Box Culpeper, Virginia 22701 | 540-547-9129 |

| COMPLAINANT'S NAME: | TELEPHONE NUMBER: |
|---|---|
| Metropolitan Police Department | 202-671-0500 |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: | TIME OF OFFENSE: |
|---|---|---|
| 444 16th Street, Northeast, Washington D.C. | 4-7-08 | 1045 hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)**
Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| __ 00 = Armed and Dangerous | | __ 55 = Alcoholic | |
| __ 05 = Violent Tendencies | | __ 60 = Allergies | |
| __ 10 = Martial Arts Expert | | __ 65 = Epilepsy | |
| __ 15 = Explosive Expertise | | __ 70 = Suicidal | |
| __ 20 = Known to abuse drugs | | __ 80 = Medication Required | |
| __ 25 = Escape Risk | | __ 85 = Hemophiliac | |
| __ 30 = Sexually Violent Predator | | __ 90 = Diabetic | |
| __ 50 = Heart Condition | | __ 01 = Other | |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The contract for the aforementioned location was initiated on April 1, 2008, between CDI Incorporated the "Customer" and Falken Industries LLC, that is owned by Robert Ord. In addition, Falken Industries LLC, is to provide security officer services to the customer at the times specified within the contract. Mr. Harris and Mr. Wageman were working as armed security at CDI head start at the direction of the Defendant, who acknowledged ownership of the unregistered and illegal firearms by way of written correspondence.

Based on the aforementioned facts and circumstances the affiant respectfully request that a D.C. Superior Court Judge issue an arrest warrant for the above defendant.

AFFIANT'S SIGNATURE:

x _KJArbas___

**TO: WARRANT CLERK**

PLEASE ISSUE A WARRANT FOR:

_Robert Ord_

Charge With: _Unreg Firearm x 2 and Unreg_
_Ammo_
_2 Minis_ _x2_

ASSISTANT UNITED STATES ATTORNEY
_GENERAL_

SUBSCRIBED AND SWORN BEFORE ME THIS

_17_ DAY OF _April_ 20 _08_

(JUDGE) DEPUTY CLERK) SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

**AFFIDAVIT**

*08 CRW1441*

Personally appeared    Detective Kimberly Marshall

this    17th    day of    April    , 20 08    , and made oath before me that the

facts set forth in the pleading on the reverse hereof are true, and those stated upon the information received

he believes to be true.

_____
Assistant Attorney General, D.C.

**WARRANT**

Warrant # _____

DISTRICT OF COLUMBIA ss:

TO:  Chief of Police, District of Columbia

Complaint having been made, and affidavit in support thereof set forth above, there appears probable cause

and reasonable grounds for the issuance of a warrant of arrest for

Robert Ord

_____

YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE THE SUPERIOR
COURT OF THE DISTIRCT OF COLUMBIA FORTH WITH TO ANSWER SAID CHARGE.

_____
, Superior Court of the District of Columbia

4/17/08

**CEPI**
(Officer must execute)

Collateral posted $ _____

Date posted _____

District at which posted _____

Remarks _____

_____

_____                    _____
Officer's Badge #                                                Officer's Signature