UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT L. ORD**

                       **Plaintiff**

**v.**                                     **Case Number:**

**DISTRICT OF COLUMBIA**

                       **Defendant**

## MOTION FOR A PRELIMINARY INJUNCTION

      Pursuant to Federal Rule of Civil Procedure 65 (a), the Plaintiffs move this Court to enter a Preliminary Injunction immediately restraining the Defendant, its officers, agents, servants, employees and/or attorneys from prosecuting or arresting the Plaintiff for alleged violations of D.C. Code § 7-2507.01 or other such law to which the Plaintiff is afforded exemption by virtue of his status as a law enforcement agent of the Commonwealth of Virginia.

      The Plaintiff has further moved for a Temporary Restraining Order as provided under FRCP Rule 65(a).  This Motion is supported by the Complaint, the supporting exhibits and the attached Memorandum of Law and Authority in Support.

Respectfully submitted, this 24th day of April, 2008

_____
Matthew August LeFande
DC Bar #475995
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this tenth day of July, 2006, a copy of the above corrected Motion for a Temporary Restraining Order was mailed via United States Postal Service First Class Mail, postage prepaid to the Defendant's Counsel below.  Additional copies were faxed to (202) 727-3308 and emailed to terry.ryan@dc.gov:

Terrance Ryan, Esquire
General Counsel
Metropolitan Police Department
300 Indiana Avenue NW
Washington, DC 20001

_____
Matthew August LeFande

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT L. ORD**<br><br>       **Plaintiff**<br><br>v.<br><br>**DISTRICT OF COLUMBIA**<br><br>       **Defendant** | **Case Number:** |

MEMORANDUM OF LAW AND AUTHORITY IN SUPPORT OF
THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

  Pursuant to Federal Rule of Civil Procedure 65 (b), the Plaintiff has moved this Court to enter a Preliminary Injunction immediately restraining the Defendant, its officers, agents, servants, employees and/or attorneys from prosecuting or arresting the Plaintiff for alleged violations of D.C. Code § 7-2507.01 or other such laws to which the Plaintiff is afforded exemption by virtue of his status as a law enforcement agent of the Commonwealth of Virginia.

STATEMENT OF FACTS

  1.  On June 8, 2007, the Plaintiff was appointed by the Virginia Circuit Court of Orange County as a Special Conservator of the Peace for the Commonwealth of Virginia. Pl.'s Ex. A.

  2.  The Plaintiff's order of appointment stated *inter alia*, that the Plaintiff "[s]hall have and be entitled to all the powers, functions, duties, responsibilities and

authority of any other Conservator of the Peace… within the County of Orange, Virginia". Id. at 2.

3.  The Plaintiff's order of appointment authorized the Plaintiff to carry firearms while acting in the course of his duties. Id. at 4.

4.  The Plaintiff's order of appointment further stated that the Plaintiff "is designated as a 'Qualified Law Enforcement Officer'" for certain provisions of Virginia and Federal law, including the Law Enforcement Officer's Safety Act of 2004, 18 U.S.C. 926B. Id. at 3.

5.  This order and each of its operative provisions was in effect for all times relevant to this Complaint.

6.  By virtue of this appointment, the Plaintiff was for all times relevant to this Complaint, and is presently, a law enforcement agent of the Commonwealth of Virginia.

7.  On February 2, 2008, the Defendant's Metropolitan Police Department (MPD) announced its intention to prosecute Virginia Special Conservators of the Peace for any possession of weapons within the District of Columbia. Pl.'s Ex. B.

8.  On April 17, 2008, the Defendant's employee and agent, MPD Detective Kimberly Marshall made an application for an arrest warrant against the Plaintiff, alleging that the Plaintiff had violated D.C. Code § 7-2507.01 (a), *to wit*, that the Plaintiff had possessed unregistered firearms and ammunition on or about April 4, 2008. D.C. SUP. CT. CRIMINAL, 2008 CRW 1441, Pl.'s Ex. C.

9. Within Detective Marshall's affidavit in support, no mention was made of the Plaintiff's status as a Special Conservator of the Peace for the Commonwealth of Virginia. Id.

10. Such status was a matter of public record. See Pl.'s Ex. A.

11. Such status was contained within the Plaintiff's records contained within the National Crime Information Center (NCIC) database and was readily available to the Defendant and its agents. See Pl.'s Ex. A at 3 (Circuit Court's order to the Department of State Police to enter the Plaintiff's information into the Virginia Criminal Information Network (VCIN)).

12. Such status was announced to the Defendant's agents by the Plaintiff and was known to Detective Marshall and her supervisors within MPD prior to the application.

13. On April 22, 2008, the Plaintiff's counsel provided evidence to the Criminal Section Chief of the District of Columbia Office of the Attorney General (OAG) of the Plaintiff's status as a law enforcement agent of the Commonwealth of Virginia.

14. The Plaintiff's Counsel demanded the *nolle prosequi* of the criminal Information in support of the warrant.

15. Shortly thereafter, the OAG announced to the Plaintiff's counsel that it "will not go forward with this warrant".

16. Several hours later, the Plaintiff's counsel learned that the OAG had changed its position and had not withdrawn the warrant. Pl.'s Ex. D.

  17. The Plaintiff's counsel immediately moved the Superior Court to dismiss the Information and quash the warrant.  D.C. SUP. CT. CRIMINAL, 2008 CNC 236.

  18. Shortly before a Judge-in-Chambers hearing on April 24, 2008, the OAG declared a *nolle prosequi* of the Information in support of the warrant.  Pl.'s Ex. C.

## ARGUMENT

The legal standard a plaintiff must meet in moving for a Temporary Restraining Order or Preliminary Injunction is "[a] court considering a plaintiff's request for a preliminary injunction must examine whether: (1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will not substantially injure the other party; and (4) the public interest will be furthered by the injunction." Serono Lab v. Shalala, 158 F.3d 1313, 1317-18 (D.C.Cir. 1998).  *See* Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C.Cir. 1989); Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C.Cir. 1977).  The court "must balance the strengths of the requesting party's arguments in each of the four required areas." CityFed Fin. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C.Cir. 1995).  An injunction may be issued if the arguments in favor of one particular factor are particularly strong "even if the arguments in other areas are rather weak."  Id. Therefore, "[a]n injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." Id.

    **1.**    **There is more than a substantial likelihood that the Plaintiff will succeed on the merits.**

The Plaintiff is a law enforcement agent of the Commonwealth of Virginia. He has been appointed by the Orange County Circuit Court as a Special Conservator of the Peace. Pl.'s Ex. A. The order of appointment provides that the Plaintiff "[s]hall have and be entitled to all the powers, functions, duties, responsibilities and authority of any other Conservator of the Peace". Pl.'s Ex. A at 2. A Conservator of the Peace is a public official authorized to conserve and maintain the public peace. BLACK'S LAW DICTIONARY, 6TH ED. Under Virginia law, Conservators of the Peace include state judges, state prosecutors, magistrates and

> any special agent or law-enforcement officer of the United States Department of Justice, National Marine Fisheries Service of the United States Department of Commerce, Department of Treasury, Department of Agriculture, Department of Defense, Department of State, Office of the Inspector General of the Department of Transportation, Department of Homeland Security, and Department of Interior; any inspector, law-enforcement official or police personnel of the United States Postal Inspection Service; any United States marshal or deputy United States marshal whose duties involve the enforcement of the criminal laws of the United States; any officer of the Virginia Marine Police; any criminal investigator of the Department of Professional and Occupational Regulation, who meets the minimum law-enforcement training requirements established by the Department of Criminal Justice Services for in-service training; any criminal investigator of the United States Department of Labor; any special agent of the United States Naval Criminal Investigative Service, any special agent of the National Aeronautics and Space Administration, and any sworn municipal park ranger, who has completed all requirements under § 15.2-1706…

CODE OF VIRGINIA § 19.2-12.

Conservators of the Peace are not private security guards. *See* Frias v. Commonwealth, 34 Va. App. 193, 200 (2000) ("Furthermore, appellant contends that a common law definition of 'conservator of the peace' exists which encompasses 'registered armed security officers.' Appellant cites no authority for this assertion. We

5

find none.")  The law enforcement power of a Virginia Conservator to arrest without a warrant is expressly set forth by Virginia law.

> Every conservator of the peace shall have authority to arrest without a warrant in such instances as are set out in §§ 19.2-19 and 19.2-81. Upon making an arrest without a warrant, the conservator of the peace shall proceed in accordance with the provisions of § 19.2-22 or § 19.2-82 as the case may be.

CODE OF VIRGINIA § 19.2-18.  Section § 19.2-81 is the operative code section which grants warrantless arrest authority to members of the Virginia State Police, a Virginia Sheriff or the members of "any duly constituted police force" of any county, city or town of the Commonwealth.  A Special Conservator of the Peace has the authority to issue a court summons on behalf of the Commonwealth for such criminal offenses so provided.  Id. § 19.2-74.

The Plaintiff's order of appointment specifically states that he is a "Qualified Law Enforcement Officer" for the purposes of the Law Enforcement Officers' Safety Act of 2004 (18 U.S.C. § 926B) and for the purposes of Virginia law.  Pl.'s Ex. A at 3.  The order further expressly authorizes the Plaintiff to carry firearms in the performance of his official duties.  Pl.'s Ex. A at 4.  As set forth in the order, the Plaintiff is authorized to use the title "Police" in the exercise of his powers as a Conservator of the Peace and shall be considered a "Qualified Law Enforcement Officer" for purposes of provisions of Virginia law and for the Law Enforcement Officer's Safety Act of 2004, (18 USC § 926B).

Conservators of the Peace are agents of the Commonwealth in the performance of their duties.  "As conservator of the peace in his county or bailiwick, he is the representative of the king, or sovereign power of the State for that purpose." South v. Md., 59 U.S. 396, 401; 18 How. 396 15 L. Ed. 433 (1856). *See also* Somerset Bank v. Edmund, 76 Ohio St. 396, 404-405 (1907) ("Whether, then, a constable arrests a person

6

upon a warrant duly issued, or, pursuant to the authority vested in him by virtue of his office, as a conservator of the peace, arrests without a warrant, in either case, he is but performing his sworn duty as a public officer, and will be held to have acted in his official capacity.")

> The police officers of a city are not regarded as servants or agents of the municipality. They are conservators of the peace, and exercise many of the functions of sovereignty; they are appointed and paid by the municipality as a convenient mode of exercising the functions of government; they assist the city in the performance of its governmental duties, and not in the discharge of its proprietary obligations. And the municipality is not responsible for their unlawful or negligent acts in the discharge of their duties.

Hall v. Shreveport, 157 La. 589, 594 (1925). *See* Austin v. Paramount Parks, Inc., 195 F.3d 715, 731 (4th Cir. 1999) (citing Norfolk & W. Ry. Co. v. Haun, 167 Va. 157 (1936); Glenmar Cinestate, Inc. v. Farrell, 223 Va. 728 (1982)).

> …where an individual… acts as a conservator of the peace, he… represents the sovereign power of the State for that purpose, and is entitled to all the immunities of such sovereign; and that the right to hold the State, or its duly delegated agents, responsible for a failure to conserve the peace, rests only upon express statute, and does not exist otherwise.

State use of Cocking v. Wade, 87 Md. 529 (1898) (citing State v. Mayor and City Council of N. O., 109 U.S. 285 (1883); M. & C. C. of Balto. v. Poultney, 25 Md. 107 (1866); M. & C. C. v. Dechert, 32 Md. 369 (1870); M. & C. C. v. Dehner, 37 Md. 180 (1872)). *See also* CODE OF VIRGINIA § 9.1-101 (any private or public corporation or agency which employs Special Conservators of the Peace is a "Criminal Justice Agency" for the Commonwealth).

By operation of Virginia law and by virtue of his appointment, the Plaintiff is a law enforcement agent of a state for the purposes of District of Columbia law. He cannot be held criminally liable for a violation of D.C. Code § 7-2502.1 under any set of facts or

7

circumstances.  His prosecution was without probable cause and unlawful.  *See also* D.C. CODE § 22-4505 ("[t]he provisions of § 22-4504 [Carrying a Pistol Without a License] shall not apply to marshals, sheriffs, prison or jail wardens, or their deputies, policemen or other duly appointed law enforcement officers…")

### 2. The Plaintiff will be irreparably harmed if he is not granted injunctive relief.

The Plaintiff is a sworn law enforcement officer for the Commonwealth of Virginia.  His status as a Special Conservator of the Peace is predicated upon his good conduct, demonstration of ethical character, and his lack of criminal record.  *See* Pl.'s Ex. A at 2.  The Plaintiff holds a Top Secret clearance with the United States Government, again predicated upon his apparent good conduct.  The Plaintiff's company holds a facilities clearance with the United States Government, predicated upon the apparent good conduct of its officers.  The arrest and prosecution of the Plaintiff for a weapons offense, however unlawful, would immediately jeopardize his appointment as a Special Conservator of the Peace and would call into question his suitability for a government clearance for many years to come, regardless of the prosecution's eventual outcome.  By definition, such injuries would be irreparable and could not be easily quantified or compensated therefor.

The Defendant has expressed its intent to arrest and prosecute Special Conservators of the Peace, regardless of those exemptions afforded them under District of Columbia and Federal law.  Pl.'s Ex. B.  The *nolle prosequi* of the previous Information against the Plaintiff in no way precludes the Defendant from re-initiating prosecution of the Plaintiff under the same set of facts and circumstances.

8

    **3.**    **An injunction against inherently unlawful conduct cannot be said to injure the Defendant.**

    **4.**    **A granting of the injunction is in the public's interest.**

The United States Congress in 2004 determined it to be in the public's interest to empower qualified current and former law enforcement officers from any jurisdiction to carry concealed firearms throughout the United States, including the District of Columbia. 108 H.R. 218 (2004), 18 U.S.C. § 926B. (Note however, there is no allegation within the Defendant's warrant application that the Plaintiff was present with a weapon in the District of Columbia at any time. Pl.'s Ex. C.) Further, the District of Columbia, arguably having the most stringent of weapons laws in the United States, has had broad exemptions from such laws for law enforcement officers for decades pre-dating H.R. 218. *See e.g.* D.C. Code §§ 7-2507.01 (b), § 22-4505. It cannot be said that these exemptions have not been promulgated by both the D.C. Council and the United States Congress without being in the public's interest.

**WHEREFORE**, the Plaintiff respectfully requests the Court not permit the Defendant to cause further irreparable injury to the Plaintiff, and for the Court to serve the public's best interests. The Plaintiff's Motion for a Preliminary Injunction against the unlawful rulemaking should be GRANTED. For the reasons stated above, the Plaintiff has moved for a Temporary Restraining Order.

Respectfully submitted, this 24th day of April, 2008

_____
Matthew August LeFande
DC Bar #475995
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
Fax: (202)318-8019
email: matt@lefande.com
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2008, a copy of the above Motion for a Temporary Restraining Order was hand delivered to the Defendant's Counsel, the Office of the Attorney General for the District of Columbia.

_____
Matthew August LeFande

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT L. ORD**

                        **Plaintiff**

**v.**

**DISTRICT OF COLUMBIA**

                        **Defendant**

**Case Number:**

**ORDER OF PRELIMINARY INJUNCTION**

      Pursuant to Federal Rule of Civil Procedure 65 (a), the Plaintiff has moved for a Temporary Restraining Order and for a Preliminary Injunction. The Plaintiff seeks an Order restraining the Defendant, his officers, members, agents, servants, employees, attorneys and those acting in active concert or participation with them from certain conduct and activities.

      Upon consideration of Plaintiff's Complaint, Affidavits, Exhibits, the examination of witnesses and argument of counsel, if any, the Court finds that the Defendant and his counsel were given notice of the Plaintiff's intention to move herein for a Temporary Restraining Order and Preliminary Injunction and that the Defendant was given the opportunity to respond.

      The Court further finds that the Plaintiff's motion is well taken and that it clearly appears that (1) there is a substantial likelihood the Plaintiff will prevail on the merits of his Complaint; (2) the Plaintiff will suffer immediate and irreparable injury unless a Temporary Restraining Order issues; (3) an injunction will not substantially injure the

Defendant; (4) and that the public's interest is best served by the granting of the Temporary Restraining Order.

Therefore, the Plaintiff is entitled to such an injunction against the Defendant as hereinafter set forth:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that as of today's date, and until such time as the Plaintiff's Complaint is adjudicated before this Court, the Defendant, his officers, agents, members and employees and those in active concert and participation with said Defendant and all other persons to whom knowledge of this order shall come, be and hereby are enjoined and restrained from arresting or prosecuting the Plaintiff for any alleged violation of D.C. Code § 7-2502.1 or other alleged weapons violation in which the Plaintiff would be entitled to exemption as a law enforcement officer.

SO ORDERED, this _____ day of _____, 2008

_____
Judge