UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT L. ORD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.08-00704 (JDB) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to LCvR 7(d) and Fed. R. Civ. P. 6(e), Defendant the District of Columbia ("the District"), hereby briefly replies to Plaintiff's Opposition to Defendant's Motion to Dismiss.

#### I. Introduction and Summary of Argument

Plaintiff cites a number of cases, almost all of them from other jurisdictions, outdated, inapposite, or all three. Plaintiff fails to cite any controlling case in support of his arguments here, and fails to confront the stark fact that, because he was never arrested, whether "probable cause" existed *vel non* for the issuance of the warrant is a moot point, irrelevant for the resolution of the instant complaint. *See* P.Mem. at 11 ("The Supreme Court has 'said that the accused is not 'entitled to judicial oversight or review of the decision to prosecute.'"") (quoting *Albright v. Oliver*, 510 U.S. 266, 275 (1994)).

Plaintiff was never arrested, and the warrant issued was soon nullified. Plaintiff cannot, as a matter of law, challenge the mere decision to prosecute. If plaintiff's theory were correct, every single flawed draft of an application for a search or arrest warrant would be actionable,

even if never acted upon. That is manifestly not the law, however, and plaintiff cannot cite any case in support of that odd proposition.

## II. Argument

*A. The Complaint Should be Dismissed.*

Plaintiff appears to conflate standing with ripeness. *See* P.Mem. at 4–5. What the District has shown (and plaintiff has failed to rebut) is that the injuries claimed—even if proven—are insufficient to state a federal claim, and that there is no current, imminent threat of prosecution sufficient to support standing here.

Plaintiff's complaint is no more than a request for an "advisory opinion" as to the validity of a defense that he *may* raise in a future suit; as such, it should be dismissed. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (*unanimous*) (Declaratory Judgment Act cannot be used to obtain an "advance ruling" on an affirmative defense in a future suit) (citing, *inter alia, Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) ("[t]he declaratory judgment procedure . . . may not be made the medium for securing an advisory opinion in a controversy which has not arisen.")); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) (court may not render "an opinion advising what the law would be upon a hypothetical state of facts.").

Plaintiff candidly admits that he "offers two statutory exemptions to any prosecution for the offense alleged," P.Mem. at 13, and provides an extended discussion as to his belief that he is a "law enforcement agent" of Virginia, but such assertions are legally irrelevant here, as they are

simply possible defenses to a future proceeding, one for which plaintiff is, assuredly, well prepared.[1]

While it is axiomatic that the Court, on a motion to dismiss, must accept the allegations in the complaint as true, that trope does not apply here, where plaintiff makes only conclusory statements without any factual support. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (where claim "rests entirely upon a conclusory representation, the district court was right to dismiss it."). *See also Herbage v. Meese*, 747 F.Supp. 60, 65 (D.D.C. 1990) ("Something stated as fact does not make it fact. 'A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted' for purposes of a motion to dismiss . . . .") (citations omitted), *aff'd without op.*, 946 F.2d 1564 (D.C. Cir. 1991).

Plaintiff has failed to rebut the District's showing that plaintiff's claims are too insubstantial to confer federal jurisdiction. Consequently, because the federal claims must be dismissed, the Court may properly decline to exercise supplemental jurisdiction over any remaining local-law claims. *See, e.g., Republic Property Trust v. Republic Properties Corp.*, 540 F.Supp.2d 144, 164 (D.D.C. 2008) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise [such] jurisdiction.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). *See also Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, ___ U.S. ___, 127 S.Ct. 1184, 1191 (Mar. 5, 2007) (*unanimous*) ("a federal court has leeway 'to choose among

---

[1] Plaintiff also cites *United States v. Savoy*, 129 Daily Wash. L. Rep. 877 (D.C. Super. Ct. Mar. 16, 2001) for analysis of the definition of "law enforcement officer" in exemptions to District weapons laws, P.Mem. at 16, but that case fully supports the District, even if it had any precedential value. The court there found that Mr. Savoy, a U.S. Postal Service Police Officer, was not exempt from District weapons laws as he was not akin to a "duly appointed law enforcement officer" because his job was "primarily to protect property, rather than life . . . ." *Savoy, supra*, at 878.

threshold grounds for denying audience to a case on the merits.'") (citations omitted); *id*. (a federal court need not decide whether Article III "case or controversy" exists before abstaining under *Younger*).

Plaintiff's chief "injury" asserted is "substantial loss of future earnings" caused by the alleged deprivation of his liberty interest. P.Mem. at 11. But plaintiff fails to reveal in his memorandum that the feared "loss" of his security contracts was through voluntary action on his part. *See* Docket # 9 ("Statement of Robert Ord," dated May 14, 2008), ¶¶ 31 ("my company has now abandoned our contracts in the District of Columbia, both with the school and with Mervis Diamond Importers."); 32 ("our abandonment of our contract with Mervis").[2]

Although the District asserts that plaintiff's local-law claims are premature and meritless, "a convenient and appropriate alternative forum is available to hear plaintiff's suit," notwithstanding that there is no pending criminal proceeding. *Republic Property*, 540 F.Supp.2d at 164. *See also, e.g., Franco v. District of Columbia*, 456 F.Supp.2d 35, 42 n.6 (D.D.C. 2006) ("state courts are fully competent to resolve matters of constitutional law.") (citing, *inter alia, Stone v. Powell*, 428 U.S. 465, 494 (1976) ("state courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law")).

B. *Plaintiff Failed to Show that Abstention is Inappropriate.*

Plaintiff asserts that the District's "false claims and bad faith" justify this Court's "immediate intervention." P.Mem. at 5. Plaintiff is incorrect, as his own citations make clear.

---

[2] The Court may be justifiably skeptical of plaintiff's claims, especially when accompanied by the patently improbable statement that "I have no means to secure and leave my gun somewhere when I enter the District of Columbia." *Id.* ¶ 30.

-4-

Plaintiff asserts that District police officers "raided the Plaintiff's worksite without a warrant and arrested the Plaintiff's employees without a warrant upon false claims that the Plaintiff's company was not licensed work [sic] in the District of Columbia." *Id*. at 6.[3] Fatal to his claims, however, is the fact that none of these allegations implicate plaintiff himself.[4]

Plaintiff also claims that the District entered a *nolle prosequi* "only for the purpose" of preventing him from "receiving judicial review" of his claimed exemption from District law. P.Mem. at 7. Plaintiff, of course, cannot possibly know *any* of the reasons for the *nolle prosequi*, as the prosecutor did not (and was not obliged to) give reasons for that action. Plaintiff similarly claims that the District's efforts to deny him the opportunity to litigate his constitutional claims "were the very cause for filing the instant case." *Id*. at 8.

Plaintiff's conclusory allegations are insufficient to avoid dismissal here; there are no objective indications of any such "impermissible" motives on the part of the District outside of plaintiff's self-serving affidavit.

The District has not "denied" plaintiff anything; plaintiff wants an impermissible advisory opinion from this Court on his constitutional theories, but abstention is clearly appropriate. *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1123 (D.C. Cir. 2004)

---

[3] Plaintiff cites his exhibit "E," P.Mem. at 6, but an examination of the docket reveals no exhibit with that letter.

[4] Plaintiff's apparent attempt to invoke the rights of his employees "runs up against the general prohibition against third-party standing." *Bannum*, 433 F.Supp.2d at 4 n.5 (citing *Powers v. Ohio*, 499 U.S. 400, 410–11 (1991)). Even if he could so proceed, plaintiff fails to reveal that, although his request for a "waiver" from MPD was denied, and none of the referenced firearms were registered in the District (contrary to his previous representations), he nonetheless sent his armed employees into the District, where they were subsequently arrested. *Cf.* Plaintiff's Exhibit C at 1, 3, 4, and Docket # 9, ¶¶ 15–17.

("[J]ust as with a state, there is no reason to presume that the courts of the District cannot be trusted to adequately protect federal constitutional rights.").

Notwithstanding that there is no pending local proceeding, plaintiff has failed to show the "extraordinary circumstances" necessary to avoid abstention. *See Bannum, Inc. District of Columbia*, 433 F.Supp.2d 1, 3 (D.D.C. 2006) (quoting *JMM Corp.*, 378 F.3d at 1120).

It is plaintiff's burden to show that an exception to the application of abstention applies. *Juidice v. Vail*, 430 U.S. 327, 338 (1977). *See also Thompson v. Florida Bar*, 526 F.Supp.2d 1264, 1277 (S.D. Fla. 2007) ("plaintiff's claims of bad faith must be supported with specific allegations from which we may infer that defendants knowingly instituted meritless prosecutions . . . solely to discourage the exercise of protected rights") (quoting *Carbone v. Zollar*, 845 F.Supp. 534, 538 (N.D. Ill. 1993)).

Plaintiff has failed to meet his burden.

"[F]actually unsupported, conclusory allegations of bad faith in [plaintiff's] complaint will not compel intervention where abstention is otherwise required." *Lawrence v. Carlin*, ___ F.Supp. 2d ___, 2008 WL 835262 at n.8 (D.D.C. Mar. 31, 2008) ("Federal courts require a very strong factual showing of extraordinary circumstances when abstention is otherwise appropriate.") (citing cases).

While plaintiff, naturally, asserts that the proposed charges against him were without foundation, he cannot avoid the normal operation of abstention "by the simple expedient of maintaining (under oath or not) that the . . . charges against him lack merit." *Id*. (citing *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999)).

*If* plaintiff is ever charged in local court, he may *then* challenge the bases for his arrest and prosecution; conclusory assertions *now*, with no local proceeding current or imminent, is insufficient to avoid abstention.

Plaintiff has failed to make the showing necessary to avoid abstention. For example, abstention may be avoided where it is demonstrated that the threat of irreparable injury is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). A federal party may also avoid abstention if it is shown that the local prosecution was brought in bad faith without "any expectation of securing valid convictions," *id*. at 48 (quoting *Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965)), or when it "plainly appears" that pursuing claims in pending local proceedings "would not afford adequate protection." *Id*. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243–44 (1926)). No such circumstances have been demonstrated here.

Plaintiff asserts, repeatedly, "bad faith" in the abortive attempt to prosecute him, but has not presented sufficient (or indeed any) evidence to support such a supposition.[5]

The bad-faith exception to abstention applies only in very limited circumstances when two conditions are met, neither or which plaintiff can satisfy: (1) the prosecution was brought "without reasonable expectation of obtaining a valid conviction," and (2) the accused cannot adequately assert his claims because of an unavailable or biased local forum. *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975).[6]

---

[5] "[W]here a federal plaintiff alleges bad faith, harassment, or extraordinary circumstances, a court may consider evidence outside the four corners of the complaint." *Thompson v. Florida Bar*, 526 F.Supp.2d 1264, 1273 (S.D. Fla. 2007) (citing *Stein v. Legal Advertising Committee*, 272 F.Supp.2d 1260, 1263 n.3 (D.N.M. 2003)).

[6] *See also id*. at 125 ("such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation").

"[S]ince *Younger*, there is not a single instance in which the Supreme Court has applied this exception and found a state action to constitute a bad faith prosecution." *Safe Haven Sober Houses, LLC v. City of Boston*, 517 F.Supp.2d 557, 563 n.27 (D.Mass. 2007) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 13.4 (4th ed. 2004) ("the universe of bad-faith-harassment claims that can be established is virtually empty.")).

While the delay in entering the *nolle prosequi* may have been longer than plaintiff liked, that delay alone does not establish bad faith or harassment. *Thompson*, 526 F.Supp.2d at 1279.

*LEOSA*

Plaintiff concedes that, to qualify for the protections of the federal Law Enforcement Officers' Safety Act of 2004 ("LEOSA"), 18 U.S.C. § 926B *et seq.*, a person must be "an employee of a governmental agency." P.Mem. at 19. But plaintiff never indicates what "governmental agency" employs him, hence his assertion must be rejected. Plaintiff claims that "by operation of Virginia law" his private security company is such a governmental agency, but provides no support in case law (and the District is aware of none) which so interprets LEOSA. Indeed, the single case cited, *New York v. Rodriquez*, No. 2917/06 (N.Y. Sup. Ct. Nov. 3, 2006), supports the opposite conclusion. There, the court found that Mr. Rodriguez was a "government employee" within the meaning of 18 U.S.C. § 926B because he was elected to his post as a constable, and was paid by the State of Pennsylvania itself, *id.*, neither of which holds true for the instant plaintiff.

*Full Faith and Credit*

Finally, plaintiff insists that "[t]he Virginia Courts have already spoken as to the Plaintiff's eligibility under LEOSA," P.Mem. at 23, but plaintiff is incorrect as a matter of law.

Only *final* judgments of a court of competent jurisdiction are entitled to "full faith and credit" elsewhere. *See, e.g., Lynde v. Lynde*, 181 U.S. 183, 187 (1901); *Durfee v. Duke*, 375 U.S. 106, 111 (1963) ("a judgment is entitled to full faith and credit [as to] those questions [that] have been fully and fairly litigated and finally decided in the court which rendered the original judgment."); *Blinder, Robinson & Co., Inc. v. SEC*, 837 F.2d 1099, 1103 (D.C. Cir. 1988) (when issue is "actually litigated" by first court, subsequent court must give first court's resolution preclusive effect) (citations omitted). *Cf. Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 395 (1996) (state and federal courts are not required to accord full faith and credit "to a constitutionally infirm judgment").

Here, of course, the cited "appointment" by the Circuit Court of Orange County is not a judgment at all, as it proceeded (from all indications) solely from an *ex parte* application by plaintiff. There were no "issues" decided or rights adjudicated through litigation. As such, the referenced decision is not entitled to full faith and credit here, even if it were legally relevant. *See Segreti v. Christopher*, ___ F.Supp.2d ___, 2008 WL 542459 (D.D.C. Feb. 29, 2008) (decision of first court not entitled to preclusive effect under "full faith and credit" where issue in dispute was not "actually litigated").

### III. Conclusion

For the foregoing reasons, and those stated in its previous filings, defendant's motion to dismiss the Complaint should be granted.

DATE: May 21, 2008				Respectfully submitted,

						PETER J. NICKLES
						Interim Attorney General for the District of Columbia

						GEORGE C. VALENTINE
						Deputy Attorney General, Civil Litigation Division

						_____/s/ Ellen A. Efros_____
						ELLEN A. EFROS, D.C. Bar No. 250746
						Chief, Equity Section I
						441 Fourth Street, N.W., 6th Floor South
						Washington, D.C. 20001
						Telephone: (202) 442-9886
						Facsimile: (202) 727-0431

						_____/s/ Andrew J. Saindon_____
						ANDREW J. SAINDON, D.C. Bar No. 456987
						Assistant Attorney General
						Equity I Section
						441 Fourth Street, N.W., 6th Floor South
						Washington, D.C. 20001
						Telephone: (202) 724-6643
						Facsimile: (202) 727-0431
						andy.saindon@dc.gov