UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT L. ORD,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 08-cv-704 (JDB) |

## MEMORANDUM OPINION

Plaintiff Robert L. Ord brings this action against the District of Columbia regarding an allegedly unlawful warrant for his arrest that remained outstanding for three days before the charges were abandoned. Plaintiff seeks damages, as well as declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment, Due Process, and Equal Protection rights, and pursuant to common-law theories of malicious prosecution and intentional infliction of emotional distress. The District of Columbia has moved for summary judgment. Because plaintiff cannot "demonstrate that the statutes [pursuant to which he was arrested] are so unambiguous that a reasonable officer could not believe that he is subject to the firearms laws," Ord v. District of Columbia, 417 Fed. App'x 1, 2 (D.C. Cir. 2011) (citing Doe v. Metro. Police Dep't, 445 F.3d 460, 461, 467-69 (D.C. Cir. 2006)), the Court will grant defendant's motion for summary judgment as to plaintiff's federal claims and decline to exercise jurisdiction over his remaining District of Columbia-law claims.

## BACKGROUND

To repeat the obvious, the Court, and the parties, have been here before. See Ord v.

District of Columbia, 573 F. Supp. 2d 88, 90-91 (D.D.C. 2008); Ord v. District of Columbia, No. 08-cv–704 (D.D.C. May 10, 2010) [Docket Entry 27] at 1-3; see also Ord v. District of Columbia, 587 F.3d 1136, 1138-40 (D.C. Cir. 2009); Ord, 417 Fed. App'x 1. Therefore, the Court only briefly recounts the relevant background.

Plaintiff is the owner of a private security company and sought to provide security services in the District of Columbia. See Aff. of Robert Ord ("Ord Aff.") [Docket Entry 9] ¶ 5. He is appointed in Virginia as a special conservator of the peace ("SCOP"), which permits him "to carry firearms while acting within the course and scope of his employment and appointment as a special conservator of the peace." Compl. [Docket Entry 1] ¶ 12, Ex. A (special conservator of the peace appointment) at 4. Prior to the warrant for plaintiff's arrest, the District of Columbia Metropolitan Police Department ("MPD") had issued a memorandum warning that "[a] SCOP who is" not an "employee[] of [a] government agenc[y] . . . and carries a firearm in the District of Columbia will be subject to all relevant criminal penalties." Compl. ¶ 18 & Ex. B (MPD Memorandum) at 1. After learning of plaintiff's intent to do business in the District and after arresting two of his employees who were armed with firearms unregistered in the District, the MPD applied for, and was granted, a warrant for plaintiff's arrest for possession of unregistered firearms and ammunition in violation of D.C. Code §§ 7-2502.01, -2506.01. Compl. ¶ 19. Three days after the warrant was issued, the Office of the Attorney General decided not to pursue the prosecution, declaring a nolle prosequi. Compl. ¶¶ 28-29. Plaintiff was neither arrested nor taken into custody.

On the same day that the District nullified the warrant, plaintiff commenced this action. This Court originally dismissed the case for lack of standing, Ord, 573 F. Supp. 2d at 96, but was reversed on appeal, Ord, 587 F.3d at 1138. Plaintiff then applied for a preliminary injunction,

which this Court denied, see Ord [Docket Entry 27], and the denial of which the D.C. Circuit affirmed, Ord, 417 Fed. App'x 1. The District of Columbia now moves for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may successfully support its motion by identifying those portions of "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of motion only), admissions, interrogatory answers, or other materials," which it believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); see Celotex, 477 U.S. at 323.

In determining whether there exists a genuine dispute of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. Id. at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. Celotex, 477 U.S. at 322. Moreover, "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). Summary judgment, then, is appropriate if the non-movant fails to

offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

## DISCUSSION

The District of Columbia is entitled to judgment as a matter of law on plaintiff's federal claims. In his only substantial claim – brought under § 1983 – plaintiff fails to address the D.C. Circuit's admonition that he "must prove more than that under the best reading of the various statutes at issue in this case, he is exempt from the District's firearms laws." Ord, 417 Fed App'x at 2. As to his other two federal claims, not only does plaintiff fail sufficiently to allege a constitutional violation, but he concedes those claims by failing to reply to defendant's contentions. Because defendant is entitled to judgment as a matter of law as to plaintiff's federal claims, this Court will decline to exercise supplemental jurisdiction over the common law claims and will dismiss the action.

    1. Fourth Amendment Claim

On appeal of this Court's denial of a preliminary injunction, the D.C. Circuit explained that "to prevail on his 42 U.S.C. § 1983 claim that the District would violate his Fourth Amendment rights by arresting and prosecuting him for carrying an unregistered firearm in the District, Ord must prove more than that under the best reading of the various statutes at issue in this case, he is exempt from the District's firearms laws." Id. As the D.C. Circuit explained, under circuit law, plaintiff "must demonstrate that the statutes are so unambiguous that a reasonable officer could not believe that Ord is subject to the firearms laws." Id. (citing Doe, 445 F.3d at 461, 467-69). Plaintiff cannot do so.

Although he contends that both the Law Enforcement Officer Safety Act ("LEOSA"), 18 U.S.C. § 926B, and D.C. Code § 7-2502.1(b) exempt him, as a SCOP, from the District's

firearms registration requirement, see D.C. Code § 7-2502.1, plaintiff never claims that these laws are unambiguous, let alone "so unambiguous that a reasonable officer could not believe" Ord is subject to the registration requirement. Ord, 417 Fed. App'x at 2. In its previous opinion, this Court explained that there was "no evidence" that plaintiff was exempt under LEOSA and that it was "unable to determine" whether he was exempt under D.C. Code § 7-2502.1(b). Ord, [Docket Entry 27] at 8, 9. Plaintiff fails to clear up the ambiguity surrounding any potential exemption under LEOSA or § 7-2502.1(b).

LEOSA almost certainly does not exempt plaintiff from the District's firearm registration requirement. In order to be exempt under LEOSA, an individual must be "an employee of a governmental agency." 18 U.S.C. § 926B. Plaintiff does not seriously contend he is such an employee. Rather he renews his argument that Va. Code § 9.1-101 renders "corporations employing [SCOPs] . . . criminal justice agencies." Opp'n to Def.'s Mot. For Summ. J. [Docket Entry 36] at 19. As this Court previously explained, Virginia law only renders corporations employing SCOPs to be government agencies for the limited purpose of retrieving criminal records. See Va. Code §§ 9.1-101, 19.2-387; Ord, [Docket Entry 27] at 7 n.4. Plaintiff does raise a new argument that corporations that employ SCOPs are in a similar position to the Amtrak police department, whose officers LEOSA specifically exempts. See 18 U.S.C. § 926B(f). That Congress created a specific statutory exemption in LEOSA for Amtrak officers, however, says nothing as to whether plaintiff, as a SCOP, is an "employee of a government agency." Id. § 926B(b). Hence, plaintiff has not shown that he is unambiguously exempt from the District's firearms registration requirement pursuant to LEOSA.

Plaintiff's arguments with regard to D.C. Code § 7-2502.1(b) fare no better. In this

Court's prior opinion, it explained that it "has been unable to determine whether . . . the fact that [plaintiff] is a law enforcement officer only for the narrow emergency custody and involuntary detention of individuals with mental illness purpose" makes him, as required by § 7-2502.1(b), a "law enforcement officer or agent of the government of any state or subdivision thereof."  Ord, [Docket Entry 27] at 9.  Far from clarifying this question, plaintiff has merely replicated large portions of a prior filing that was available at the time of the Court's previous opinion.  Compare Pl.'s Opp'n to Def.'s Mot. to Dismiss [Docket Entry 10] at 16-19 with Pl.'s Opp'n to Def.'s Mot. for Summ. J. [Docket Entry 36] at 15-17.  Plaintiff again relies primarily on a District of Columbia Superior Court case that interprets an exemption to a completely separate firearms possession statute, the predecessor to D.C. Code § 22-4505.  For purposes of that statute, whether an individual is a "duly appointed law enforcement officer[]" turns on whether an individual's "primary responsibility as a 'police officer' [i]s the protection of life" as opposed to the protection of property.  United States v. Savoy, D.C. Super. Ct. Crim. No. F-5748-98 (2001).  Putting to one side the problem of relying on a District of Columbia Superior Court opinion regarding a separate statute, nothing in plaintiff's filings clarify whether his primary responsibility is to protect property or to protect life.[1]  But in any event, he has not done so.  Moreover, even if plaintiff were to satisfy the "law enforcement officer" language of § 7-2502.1(b), it is entirely unclear, and plaintiff certainly does not clarify, whether, as a SCOP, he is sufficiently an "officer or agent *of the government*."  D.C. Code § 7-2502.1(b) (emphasis added).  Plaintiff simply has not met his burden of showing "that the statutes are so unambiguous that a reasonable officer

---

[1] It is hard for the Court to imagine that plaintiff could persuasively argue that his primary responsibility as a "police officer" under his Virginia appointment order is to protect life, not property.

could not believe that Ord is subject to the firearms law." Ord, 417 Fed App'x at 2.

Plaintiff's claim also fails because he does not sufficiently allege that the District's policy caused any alleged deprivation of his Fourth Amendment rights. Municipalities, such as the District, are not "liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978). The only potential policy that plaintiff identifies is a statement in the MPD memorandum explaining that "[a] SCOP who is" not an "employee[] of [a] government agenc[y] . . . and carries a firearm in the District of Columbia will be subject to all relevant criminal penalties." Compl. Ex. B. Plaintiff does not and cannot identify any case that suggests that it is unconstitutional for an officer to apply for a warrant because an individual has, as the Court has explained, a defense that is, at best, ambiguous.[2] Indeed, here the warrant received the imprimatur of a judge, likely an intervening cause of any alleged harm related to the issuance of the warrant. To the extent plaintiff claims that the officer failed to present potential defenses in the warrant application, plaintiff does not claim that such omissions occurred pursuant to District policy. Accordingly, plaintiff's claim would fail even if the statutory framework were devoid of ambiguity.[3]

    2. Equal Protection and Due Process Claims

---

[2] Plaintiff further contends that "the warrant for his arrest was issued absent probable cause" because there was no allegation that he "was ever present within the District of Columbia." Pl.'s Opp'n to Def.'s Mot. for Summ. J. 13 (emphasis in original). Plaintiff, however, does not contend that such an alleged violation is traceable to any policy of the District of Columbia.

[3] A further hurdle to plaintiff's claim is whether the mere issuance of a warrant that was then nullified without any further action is a constitutionally cognizable injury. Because his claim fails for the reasons explained above, however, this Court will "leave open the question whether injury from the issuance of a warrant without arrest is cognizable under the Fourth Amendment." Ord, 587 F.3d at 1146.

Not only does plaintiff fail to allege any process of which he was deprived or any way in which he was treated differently than a similarly situated person, but he also fails to respond to defendant's arguments regarding his due process and equal protection claims and thereby concedes them.  See Hopkins v. Women's Div., General Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").  Moreover, defendant correctly argues that this Court should view these "claims as merged with his Fourth Amendment claim," because the Fourth Amendment "always has been thought to define the 'process that is due' for seizures of persons or property in criminal cases."  Def.'s Mot. for Summ. J. [Docket Entry 35] at 21 (quoting Gerstein v. Pugh, 420 U.S. 103, 125 n.27 (1975)); see Bolger v. District of Columbia, 608 F. Supp. 2d 10 , 17 n.4 (D.D.C. 2009) (regarding a similar § 1983 due process claim "as merged with [plaintiff's] Fourth Amendment claim").  Hence, the Court will grant summary judgment to defendant on plaintiff's equal protection and due process claims.

    3.  Supplemental Jurisdiction

There is no reason for this Court to retain jurisdiction over plaintiff's remaining claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Indeed, "[t]his is especially true where the remaining claim raises novel issues of state law." Lowe v. District of Columbia, 669 F. Supp. 2d 18, 32 (D.D.C. 2009) (citing 28 U.S.C. § 1367(c)(1)).

Here, not only are all federal-law claims now eliminated pre-trial, but the remaining state-law claims involve the novel interpretation of whether a SCOP qualifies as an "officer" for purposes of D.C. Code § 7-2502.1(b).[4]  Hence, this Court declines to exercise supplemental jurisdiction over plaintiff's remaining common law claims.

## CONCLUSION

For the reasons explained above, the Court will grant defendant's motion for summary judgment as to plaintiff's federal claims and decline to exercise supplemental jurisdiction as to plaintiff's District of Columbia-law claims.  A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: September 15, 2011

---

[4] Plaintiff's complaint seeks a declaration only that D.C. Code § 7-2507.01(b) exempts him from the District's firearm registration requirement.  Compl. ¶¶ 48-49.  Even if plaintiff had sought such a declaration with respect to LEOSA, that claim would not be independently entitled to federal question subject-matter jurisdiction.  Such a claim would fail the well-pleaded complaint rule because "the federal claim would arise only as a defense to a state created action," namely, criminal prosecution. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 16 (1983).